1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Patrick M. Phillips, et. al.,              )    No. CIV 06-2719-PHX-SMM
                                              )
10             Plaintiff,                      )    **ORDER**
                                              )
11  vs.                                        )
                                              )
12                                             )
   Internal Revenue Service, et. al.,         )
13                                             )
               Defendant.                      )
14  _____  )

15        Pending before the Court is a Motion for Summary Denial of Patrick M. Phillips and

16  Linda J. Phillips' ("Plaintiffs") Petition to Quash Third Party Summons filed by Defendants

17  Internal Revenue Service (the "IRS"), United States of America (the "United States"), Wells

18  Fargo Bank ("Wells Fargo") and Internal Revenue Agent Cathy B. Street ("Agent Street")

19  (together, "Defendants"). (Dkt.# 6)  The United States moves for denial, with prejudice, of

20  Plaintiffs' motion upon the ground that Plaintiffs have failed to state a claim upon which

21  relief can be granted.

22                                **BACKGROUND**

23        On August 9, 2006, Plaintiffs received a letter from the IRS notifying them that the

24  IRS would be conducting an examination of their federal tax liability. (Dkt. 8-2, 1).  As a

25  part of that examination, the letter referred to an attached publication of the IRS which

26  explains that third parties may be contacted as a part of the investigation.  (Dkt. 8-2, 5).

27  On October 26, 2006, Agent Street served a summons on Wells Fargo for certain

28  financial information of Plaintiffs.  On November 14, 2006, Plaintiffs petitioned this

1   Court to quash the summons. (Dkt. 1, 1).  On December 13, 2006, the United States filed

2   a motion for summary denial of Plaintiff's petition[1] (Dkt. 6) and on January 3, 2007

3   Plaintiffs responded (Dkt. 10). On January 8, 2007 the United States replied to Plaintiffs'

4   response.  The matter is now fully briefed and ready for disposition by the court.

5                              **STANDARD OF REVIEW**

6           The standard in an action to quash a summons is the same as the standard in an

7   action to enforce a summons, and the burden remains on the Government to show that it

8   has met all the requirements of *United States v. Powell*, 379 U.S. 48, 57-58 (1964).  S.

9   Rep. No. 97-494, at 283 (1982), *reprinted in* 1982 U.S.C.C.A.N. 1029.  "To obtain

10  enforcement of a summons, "the IRS must first establish its 'good faith' by showing that

11  the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that

12  purpose; (3) seeks information that is not already within the IRS' possession; and (4)

13  satisfies all administrative steps required by the United States Code." *Fortney v. United*

14  *States*, 59 F.3d 117, 119 (9th Cir. 1995) (citing *Powell*, 379 U.S. at 57-58).  The

15  "government's burden is a 'slight one' and typically is satisfied by the introduction of the

16  sworn declaration of the revenue agent who issued the summons that the *Powell*

17  requirements have been met." *Fortney*, 59 F.3d at 120 (citing *United States v. Dynavac,*

18  *Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993).  Once the Government has made a *prima facie*

19  case, the burden shifts to the taxpayer, who faces a "heavy burden," and must "allege

20  specific facts and evidence to support his allegations" of abuse of process or the lack of

21  institutional good faith.  *Id*.  Also, as a defense to the enforcement of the summons, a

22  taxpayer "may show that the taxpayer's case has been referred to the Department of

23  Justice." 1982 U.S.C.C.A.N. 1029.

24  //

25  //

26  ――――――――――――――――――

27          [1]The United States also asserts that this Court should dismiss Agent Street and the IRS
        from this case as improper defendants because the suit is essentially one against the United
28  States.  (Dkt. 6, 1-2)

**DISCUSSION**

The United States has submitted a sworn Declaration of Agent Street (the "Street Declaration") stating that: (1) the summons was issued for the legitimate purpose of furthering an examination of Defendants' tax liabilities for the tax years 2000 through 2005; (2) the information is "relevant to, and is designed to shed light upon," said examination; (3) the materials sought by the summons were not already in the possession of the IRS at the time the summons was issued; and (4) all administrative steps required by the United States Code were taken. (Dkt. 8, 1-2).  The Street Declaration also states that the case has not been referred to the Department of Justice. (Dkt. 8, 2).  Attached to the Street Declaration is a copy of the summons served upon Wells Fargo, signed by Agent Street and her "Approving Officer." (Dkt. 8-3, 1).  Thus the United States has made its *prima facie* case that it has met all the factors required by *Powell*, supra.

Plaintiffs claim that "Defendants have failed to establish the subject matter and *in personam* jurisdiction of this Court." (Dkt. 10 at 14).  This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331, which states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Since the issue at hand is a summons issued pursuant to 26 U.S.C. § 7602, a federal law, this Court has jurisdiction.  Plaintiffs established this Court's personal jurisdiction over them when they filed suit.

Next, Plaintiffs challenge whether Agent Street has the authority to issue a summons, and even whether the authorizing statute has been enacted.  (Dkt. 10 at 2-5).  In order to determine "the liability of any person for *any* internal revenue tax," the Secretary of the Treasury is authorized to summon "any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax . . . to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as *may* be relevant or material to such inquiry."  26 U.S.C. § 7602 (emphasis added). Summons authority is granted to the Commissioner of Internal Revenue and to

1    officers and employees of the IRS designated by the Commissioner by 26 C.F.R. §

2    301.7602-1.  The Commissioner has designated that a Revenue Agent, with the

3    authorization of that agent's Group Manager, may issue a summons to a third party.

4    Deleg. Order No. 4 (Rev. 20), 1990-1 C.B. 294.  All of these laws and regulations have

5    been duly enacted and published, and are available to Plaintiffs at many law libraries

6    open to the public, including the Dee J. Kelly Law Library at the Texas Wesleyan

7    University School of Law, located at 1515 Commerce Street in Fort Worth, Texas.

8         Finally, in response to the United States' evidence, Plaintiffs have neither alleged

9    specific facts nor presented evidence to support their allegations abuse of process, or the

10   lack of institutional bad faith.[2]

11                              **CONCLUSION**

12        Accordingly,

13        **IT IS ORDERED** that Defendants' Motion for Summary Denial of Plaintiffs'

14   Petition to Quash Third Party Summons (Dkt. 6) is **GRANTED**.

15        **IT IS FURTHER ORDERED** that Plaintiffs' Petition to Quash Third Party

16   Summons (Dkt. 1) is **DENIED WITH PREJUDICE.**

17        **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment

18   accordingly.

19        DATED this 21st day of June, 2007.

20

21

22

23

24                              Stephen M. McNamee
                                United States District Judge
25

26        [2] The Court notes that it has intentionally not discussed every argument raised by the
27   parties and that those arguments not discussed are considered by the Court to be
     unpersuasive, cumulative, not relevant, or otherwise not necessary to the resolution of the
28   case at hand.

- 4 -